# Barr *against* Hall.

A *scire facias* upon a recognizance of bail on an appeal, must recite the suit pending and the authority of the justice of the peace to take the recognizance; it is, otherwise, defective, and there can be no recovery against the defendant on it.

ERROR to *Armstrong* county.

This was a *scire facias* upon a recognizance entered into by Matthew Barr upon an appeal from the judgment of a justice by Hugh M'Cleary, in which William Hall was plaintiff. The defendant demurred, generally, to the plaintiff's writ, and the plaintiff joined in the demurrer : and the question turned upon its sufficiency.

"Armstrong county, ss.

"The commonwealth of Pennsylvania to the sheriff of the county of Armstrong greeting. Whereas Matthew Barr, late of Alleghany township, in your county, lately before William Watson, Esq. a justice of the peace in and for said county, to wit on the 4th day of March 1828, took upon himself for Hugh M'Cleary, late of your county, in the sum of 150 dollars lawful money, &c. that the said Hugh M'Cleary should appear in our county court of common pleas

[Barr v. Hall.]

the third Monday of June then next following, and so from day to day, of a plea of trespass on the case, &c. by a certain William Hall against the aforesaid Hugh M'Cleary, in the said court prosecuted, until that plea should be determined and judgment thereon rendered. And if it should happen that the aforesaid Hugh, in the plea aforesaid, should be convicted and judgment for the aforesaid William Hall should be rendered, then the aforesaid Matthew Barr, to the aforesaid William Hall, the damages (or debt) costs and charges for the aforesaid William Hall, in the plea aforesaid recovered or adjudged would satisfy; or that the said Hugh to the prison of the said county by that occasion himself should render; all of which manifestly appears from the certificate of the recognizance of the said Matthew Barr, taken by the said justice, and filed of record in the court of common pleas aforesaid. And although the aforesaid William Hall afterwards, to wit on the 22d day of December 1829, recovered against the aforesaid Hugh M'Cleary, as well a certain debt or damages of 84 dollars 27 cents lawful money, &c. as also 24 dollars 54 cents like money, which to the said William Hall, in our said court, before our judges, were adjudged for his costs or damages which he sustained by occasion of the detention of that debt, whereof the said Hugh M'Cleary is convicted, as by the record and process thereupon in our said court, before our judges at Kittaning aforesaid remaining, likewise manifestly appears. Nevertheless, the aforesaid Hugh M'Cleary, his body in execution of the judgment aforesaid, hath not rendered; nor the aforesaid Matthew Barr the aforesaid William Hall of his debt or damages has satisfied, as by the insinuation of the aforesaid William Hall we have received. And because we are willing that those things which in our said court are rightly done and acknowledged be duly executed, we command you, that by honest and lawful men of your bailiwick, you make known to the aforesaid Matthew Barr, that he be and appear before our judges at Kittaning, at our county court of common pleas, there to be held for the county of Armstrong, the third Monday of September next, to show if any thing for himself he has, or knows to say, why the aforesaid sum of 150 dollars in form aforesaid acknowledged and to be made, and to the aforesaid William Hall rendered, ought not, according to the form of the recognizance aforesaid, if to him it should seem expedient; and further to do and receive what our said court shall consider in that behalf. And have you then there the names of those by whom you shall make it known to him and this writ."

Errors.

The court erred in entering judgment for the plaintiff for the following reasons.

1. The writ of *scire facias* does not recite that a suit was pending before the justice.

2. The said writ does not recite that the suit was determined in favour of the plaintiff; nor the amount.

3. The said writ does not recite that the defendant, before the justice, appealed from the judgment; nor that the said Matthew Barr was his bail for appeal.

4. The said writ does not recite any power in the bail to surrender the principal to jail in discharge of his recognizance: but the one averred is an absolute recognizance for the payment of the money.

5. The said writ does not recite that a *fieri facias* had issued against the principal with a return of *nulla bona,* and that a *capias ad satisfaciendum* had issued with a return of *non est inventus* prior to the issuing of the *scire facias* against the bail.

*Buffington,* for plaintiff in error.
*Stannard,* for defendant in error.

The opinion of the Court was delivered by

HUSTON, J.—It is unpleasant, no doubt, to a judge to reverse proceedings on account of defect of form, where it may be apparent that in another shape the party must succeed; and it is as unpleasant to me as to any other judge : but where the defect is in form and in substance too, and nothing by which to amend, the proceeding cannot be supported, especially if the exception is made before the trial. We were told in this case that a suit had existed between William Hall and Hugh M'Cleary before the justice, and an appeal and a recognizance by M. Barr, as bail of M'Cleary, who had entered into recognizance according to law to prosecute the appeal with effect; and this may be all true, and the court of common pleas may have seen the appeal and decided on it; but nothing like this, or any part of it, appears to this court.   I have searched every part of the record without finding any thing which alluded to a suit before a justice, or an appeal.   The *scire facias* states that on, &c. M. Barr took upon himself for Hugh M'Leary, late of Armstrong county, in the sum of 150 dollars, that the said Hugh M'Cleary should appear in our court of common pleas on the third Monday of June then next following, and so from day to day, of a plea of trespass on the case, and by a certain William Hall against the said Hugh M'Cleary in said court prosecuted, until that plea should be determined, and judgment thereon rendered; and if it should happen that the aforesaid Hugh in the aforesaid plea should be convicted, &c. &c., proceeding to the end in language not more technical or intelligible, but not an allusion to any suit before a justice, or an appeal.   Now this was necessary to authorize a justice to take a recognizance.   In a suit before him on an appeal, he could take a recognizance, but not on any or every suit in court.   This court has relaxed in the strictness once required in the form of such recognizances, and this, I was going to say, from necessity ; for so many of them were totally defective in point of form, as to amount in a great degree to taking away the benefit of appeal, or of bail on appeal.   And if it had been stated in this *scire facias* that a suit had existed before a justice, a decision and

[Barr v. Hall.]

an appeal, and a recognizance of bail on appeal, we would not readily have reversed on account of any defect of form in that recognizance, but have taken it to be what it ought to have been, if we possibly could have so considered it.   The essential matter to give the justice any authority to take a recognizance is wanting in this case; does not appear in any part of the record before us; is not stated in the *scire facias.*

There was error in deciding that this *scire facias* was good, and the judgment is reversed.

Judgment reversed.